## No. 10,318.

### J. F. DAVIS VS. JOSEPH E. BARGAS.

### JOSEPH E. BARGAS VS. J. F. DAVIS.

#### CONSOLIDATED.

In case one suit, in which the amount demanded is $400, be consolidated with another, in which the defendant in the former is plaintiff, and claims $1676.42, this Court has no jurisdiction of the consolidated cases, because in no event could this Court render judgment for an amount in excess of the latter sum.

APPEALS from the Twenty-third District Court, Parish of Iberville. *Talbot*, J.

*Samuel Matthews* for J. F. Davis, Appellee.

*Alex Hébert* for Joseph E. Bargas, Appellant.

#### ON MOTION TO DISMISS APPEAL.

The opinion of the Court was delivered by

WATKINS, J. Appellee moves to dismiss this appeal on the ground that the matter in dispute is below the lower limits of this Court's appellate jurisdiction.

In Davis vs. Bargas plaintiff's demand and prayer are that the defendant account to him for the proceeds of the sale of certain rent-rice which he collected of Allen Thomas, for him, valued at $400 with legal interest.

In Bargas vs. Davis plaintiff's demand and prayer are for the liquidation and settlement of a partnership in a certain rice crop adventure, and for a judgment against the defendant for $1676 42 on final settlement thereof.

As illustrative of the character of the transactions involved, the petitioned shows that he was a country merchant and furnished plantation supplies to the planting partnership of Bargas and Davis, to the value of $2353 90, of which there had been paid at various times sums aggregating $1020 06, leaving a balance due of $1333 84, for one-half of which defendant, Davis, is indebted to him, $666 92½.

He also claims that Davis is further indebted to him in the sum of $940 06½ balance in his favor after making a settlement with their factors, S. Gumble & Co. And in the further sum of $69 43. These different items aggregate the capital sum demanded.

It is perfectly apparent that no judgment could be rendered by this Court in favor of Bargas, in the latter suit, in excess of $1676 42. It is likewise apparent that if judgment should be rendered against Bargas for the full amount demanded in the former suit, there would remain only a balance in his favor in the consolidated suits of $1276 42. Hence, in no event, could we render judgment for or against either party for a sum exceeding $1676 42, and this Court is without jurisdiction *ratione materiæ*.

It is therefore ordered and decreed that this appeal be dismissed at the cost of appellant.